IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARIA LEWICKY, et al. ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | NO. 91 C 7088 consolidated with No. 94 C 762 |
| ) | |
| RAYMOND H. CHOU, et al., ) | HONORABLE JOHN F. GRADY |
| Defendants. ) | |

## MOTION FOR ENTRY OF JUDGMENT

NOW COME Plaintiffs by their attorneys, and request the Court to enter a judgment against Defendant, Raymond Chou, in the amount of $900,000.00, and in support of this Motion, state as follows:

1. On March 21, 1997, Defendant Raymond Chou (herein "Chou") entered into a Settlement Agreement with Plaintiff Daria Lewicky ("Lewicky") attached hereto as Exhibit A (herein the "Settlement Agreement").

2. Pursuant to the terms of Paragraph 2B of the Settlement Agreement, Lewicky had an allowed claim against Chou in the amount of $1,000,000 (defined as the "Non-Dischargeable Claim") which Chou could satisfy by the payment of $575,000 (defined as the "Settlement Amount") from the date of the settlement of March 21, 1997 through April 15, 2007 (defined as the "Settlement Term"). In the event Chou did not pay that amount, then a judgment for the balance owed would be entered.

3. As of April 15, 2007 and continuing to this date, Chou has paid only the sum of $100,0000 on the Settlement Amount, leaving a balance of $900,000. (See Affidavit of Harvey J. Barnett attached hereto as Exhibit B).

4. As set forth in the Affidavit of Harvey J. Barnett, Chou failed to make payments when due on numerous occasions. Notices of default were constantly sent to Chou, an example of which dated February 7, 2007 is set forth on the attached Exhibit 1 to the Affidavit 2007. Subsequent to the foregoing, Chou continued to default on his obligations. Chou never cured his defaults.

5. Paragraph 4 of the Settlement Agreement provides

> In the event that: (A) Chou defaults in any payment in satisfaction of the Settlement Amount provided in paragraph 2 above, as and when due, and such failure is not cured within ninety (90) days of Chou's receipt of written notice of such default; ... Lewicky shall be entitled to an immediate judgment against Chou in the District Court Case in the amount of the Non-Dischargeable Claim, less any payments made to Lewicky pursuant to this Agreement prior to that time, and this judgment shall be immediately enforceable. Lewicky shall be entitled to all attorneys' fees and costs incurred in connection with the enforcement of same.

6. Pursuant to terms of the Settlement Agreement, as the result of Chou's defaults and failure to pay the Settlement Amount, the balance of $900,000 is now due and payable, plus attorneys' fees and costs.

WHEREFORE, Lewicky requests a judgment be entered against Chou in the amount of $900,000.00, plus her attorneys' fees and costs.

Respectfully submitted,

/s/ Harvey J. Barnett
Harvey J. Barnett, Attorney for Plaintiffs

**OF COUNSEL:**
Law Office of Harvey J. Barnett, Ltd.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603
312-242-6280

# EXHIBIT A

# **SETTLEMENT AGREEMENT**

This Settlement Agreement (the "Agreement") is entered this 2/ST day of March, 1997 by and among Raymond H. Chou ("Chou"), Helen Chou ("Helen"), and Daria Lewicky ("Lewicky").

W I T N E S S E T H:

On December 16, 1993, Chou and Helen filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division to initiate a Chapter 7 bankruptcy case as Case No. 93-B-26417 and later, a second bankruptcy case as Case No. 94-B-09684 (collectively, "Chou Bankruptcy Case"). Chou is an equity security holder, or otherwise has an interest in the following entities: R.H. Chou Co., Inc. ("RHC"), Winnetka Landmark Building Partnership; R.H. Chou Healthcare, Inc.; R.H. Chou Properties WHA, Inc.; R.H. Chou Investments, Inc.; R.H. Chou Properties/Ashcraft, Inc.; R.H. Chou Properties/Sterling, Inc. (collectively "Chou Entities").

Prior to the filing of the Chou Bankruptcy Case, Chou and Lewicky established several real estate partnerships for the acquisition and development of real property in the Chicago, Illinois metropolitan area ("L/C Partnerships") in which Lewicky, or a corporation she controlled, were partners with Chou, or one of the Chou Entities.

On November 5, 1991, Lewicky and the Lewicky entities filed a 15 count Complaint ("Complaint") in the United States District Court for the Northern District of Illinois against Chou, Helen, the Chou Entities, Mark Blumenthal, Edwin C. Sigel, Ltd. and others, to initiate the case captioned as, <u>Daria Lewicky, et al. v. Raymond Chou, et al.</u>, Case No. 91 C 7088 (the "District Court

1

EXHIBIT A

Case").

On February 4, 1994, Lewicky filed an Adversary Complaint in the Chou Bankruptcy Case against Chou and Helen to initiate the case captioned as, <u>Daria Lewicky, et al. v. Raymond Chou, et al.</u>, as Case No. 94 A 137 (the "Adversary Proceeding").

In the District Court Case, Lewicky alleged that she was damaged, among other things, by Chou's breaches of fiduciary duties that he owed to Lewicky and the Lewicky Entities; and that these breaches were knowing and willful. Also in the District Court Case, Lewicky alleged that Helen was an active participant in Chou's misconduct, including the alleged diversion of monies belonging to one or more of the L/C Partnerships to unrelated real estate projects that either Chou or RHC had a right, title or interest.

In the Adversary Proceeding, Lewicky sought the entry of an order finding that Lewicky and the Lewicky Entities' claims against Chou and Helen were non-dischargeable in the Chou Bankruptcy Case pursuant to 11 U.S.C. §523(a)(4). The reference in the Adversary Proceeding was later withdrawn from the Bankruptcy Court to the District Court (the "Suit").

The parties to this Agreement desire to amicably resolve and settle in full all claims that Lewicky and the Lewicky Entities have or may have against Chou and Helen. The parties' entry into this Agreement will save substantial and unnecessary costs of litigation, and subject to the rights and remedies of Lewicky contained herein, may give Chou the ability to reorganize.

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which is acknowledged, the parties hereto agree as follows:

1. The foregoing recitals shall be included in the Agreement.

2. The parties agree that an Order (the "Order") shall be entered in the Suit and the Chou Bankruptcy Case providing as follows:

>   A. For the dismissal of Helen, with prejudice, from the Suit, and that all claims of Lewicky and the Lewicky Entities, as defined and broadly construed in Section 101 of the Bankruptcy Code, are discharged as to Helen.
>
>   B. (i) Lewicky has an allowed claim against Chou in the amount of One Million and no/100 Dollars ($1,000,000.00) (the "Non-Dischargeable Claim") which is non-dischargeable pursuant to 11 U.S.C. §§523(a)(4) and any other Section of the Bankruptcy Code applicable to dischargeability; and may not be discharged in any subsequent bankruptcy case(s) of Chou, or otherwise found to be unenforceable in any legal proceeding, as more fully set forth in the Order; provided, however, that in the event Chou pays Five Hundred Seventy-Five Thousand and no/100 Dollars ($575,000.00)(the "Settlement Amount"), the Non-Dischargeable claim shall be deemed satisfied in full. In any subsequent proceeding initiated by or against Lewicky, Chou shall not assert any defenses to the validity or enforceability of the Non-Dischargeable Claim, except for the defense(s), if available, of satisfaction through payment(s) Chou may have made or has caused to be made to Lewicky pursuant to this

Agreement, or a written release of the Non-Dischargeable Claim signed and delivered by Lewicky after the execution of this Agreement. No interest will accrue on the Non-Dischargeable Claim or the Settlement Amount until the expiration of the Settlement Term as herein defined, except for sums past-due as hereinafter provided. There is no pre-payment penalty and all sums due under this Agreement may be pre-paid.

(ii) Chou shall satisfy the Settlement Amount as follows:

a. On or before ninety (90) days after the entry of the Order, Chou shall pay to Lewicky the sum of Ten Thousand and no/100 Dollars ($10,000.00). This payment shall be applied to the Settlement Amount.

b. During the period commencing from the date of the entry of the Order to April 15, 2007 (the "Settlement Term") and subject to the minimum payment requirements of paragraph 2B(ii)(c), below, Chou shall pay to Lewicky fifty percent (50%) of his annual gross income, as defined herein, in excess of Seventy-Five Thousand and no/100 ($75,000.00) ("Threshold Sum"), which payment(s) shall be applied to the Settlement Amount. For purposes of this Agreement, the first year of the Settlement Term shall be deemed to be April 1, 1997 through December 31, 1997; and Lewicky shall be entitled to fifty percent (50%) of Chou's gross income in excess of Fifty-Six Thousand, Two Hundred

4

Fifty and no/100 Dollars ($56,250.00) for the first year of the Settlement Term. Thereafter, the fifty percent (50%) of Chou's annual gross income shall be measured on the basis of a calendar year. Payment shall commence immediately upon Chou's income exceeding the Threshold Sum. For the fifth year of the Settlement Term only, the Threshold Sum shall be increased to $85,000.00 and shall remain constant at this figure for the balance of the Settlement Term. For purposes of this Agreement, annual gross income shall be defined as all monies received by Chou under 26 U.S.C. §61(a) (i.e., "monies received" as opposed to imputed or "phantom" income such as designated in §61(a)(12)), plus all proceeds Chou shall receive from causes of action that he is or may prosecute.

c. Notwithstanding the provisions of paragraph 2B(ii)(b) above, after December 31, 1997, Chou shall pay to Lewicky a minimum of Twelve Thousand and no/100 Dollars ($12,000.00) for each year of the Settlement Term (i.e., starting after December 31, 1997) in equal quarterly payments of Three Thousand and no/100 Dollars ($3,000.00) each. The first quarterly payment shall commence on October 1, 1997, and each quarter thereafter (i.e., January 1; April 1; July 1; and October 1).

d. Commencing June 30, 1997, Chou shall send a written report to Lewicky listing his Gross Income, as defined above, for the preceding six (6) months and the sources thereof, and

5

shall send such report every December 31 and June 30 until the Non-Dischargeable Claim is satisfied.

e. All payments required to be made to Lewicky shall be sent to Harvey J. Barnett at 200 West Adams, Suite 2220, Chicago, Illinois, 60606, payable to Harvey J. Barnett & Associates and Daria Lewicky and all reports and documents required hereunder shall be sent to Harvey J. Barnett at the same address.

(iii) Chou hereby represents and warrants that the statement of his financial condition attached hereto as Exhibit "A" is true and correct and contains a complete and accurate list of all assets, known liabilities (i.e., Chou need not include discharged claims) gross income, sources of gross income, investments of Chou and all corporations, companies or businesses in which Chou has any legal or beneficial interest, either directly or indirectly. The disclosures shall set forth the participants in any projects in which Chou is involved, such as the ~~subcontractors~~, architects and developers. Upon the anniversary of the Order, Chou shall update the attached disclosure setting forth in detail all of the foregoing information, and shall no later than April 15 of each year, or the date on which Chou's Federal tax return is timely filed pursuant to extensions granted him, provide to Lewicky true and accurate copies of his personal income tax returns filed with the Internal Revenue Service. Helen shall file a

6

similar disclosure upon each anniversary of the Order, unless Helen files a joint tax return with Chou, in which case the disclosure will be excused.

(iv) Chou represents and warrants that Chou shall not create a business organization ~~for rendering architecture, development or construction services~~ in which the equity security holders are Helen or their children while the Settlement Amount is unpaid, unless it is disclosed to Lewicky and the business organization is not established to divert income otherwise payable Chou

(v) Chou agrees that he will meet and confer with Lewicky or her designated representatives at reasonable times and upon reasonable notice to review and discuss with them any questions they may have regarding his annual gross income, assets or sources of income, his employment, investments or the status of any projects in which he will financially benefit.

(vi) Lewicky shall be entitled to inspect Chou's personal records or other personal documents in his possession or control, reasonably necessary to conduct an audit of Chou or business organizations owned directly or indirectly by Chou. Chou shall not be required to provide financial information to Lewicky that is not directly related to Chou's personal financial matters or business organizations owned or controlled by Chou. Lewicky agrees to treat all tax returns and information obtained from Chou as confidential and will not disclose the same to any outside party, without Chou's written consent, except

7

for Lewicky's accountants and attorneys, who in turn shall maintain the confidentiality of this information. In the event that the above audit reveals an under-reporting of gross income by more than 10%, Lewicky will be entitled to reimbursement of her reasonable accountant fees in addition to the remedies provided herein.

(vii) Interest shall accrue at the rate of eight percent (8%) per annum for any sums not paid when due, including any amounts during the ninety (90) day cure period as provided in paragraph 4 below.

(viii) Provided that Chou is not in default at the expiration of the Settlement Term, the unpaid portion of the Settlement Amount will be immediately due and owing, and Lewicky shall be entitled to enforce her rights with respect to the balance of the Settlement Amount remaining (i.e., not the balance of the Non-Dischargeable Claim), and in the event that Chou files a bankruptcy proceeding after the Settlement Term, the amount owed shall be deemed to be the Non-Dischargeable Claim, less any payments previously made to Lewicky.

(ix) Chou presently has a claim pending in the Circuit Court of Cook County, Illinois, Case No. 94 CH 7033, against Gary Chodes and John Banks (herein the "Chodes Suit"). The parties agree that in the event a settlement or judgment occurs in the Chodes Suit, the net proceeds of the same shall be divided as

8

follows (after deduction of the attorneys' fees to which Chou agreed with his attorney and costs): the first Sixty-Six Thousand and no/100 Dollars ($66,000.00) of net proceeds shall be paid to Lewicky and any amounts over such sum shall be split seventy-five percent (75%) to Lewicky and twenty-five percent (25%) to Chou. All sums received by Lewicky in connection with the Chodes Suit shall be applied as a reduction to the Settlement Amount.

3. Time is of the essence of this Agreement.

4. In the event that: (A) Chou defaults in any payment in satisfaction of the Settlement Amount provided in paragraph 2 above, as and when due, and such failure is not cured within ninety (90) days of Chou's receipt of written notice of such default; or (B) Chou fails to file or submit a report or disclosure as required herein or otherwise materially breaches the terms of this Agreement, and such failure is not cured within thirty (30) days of Chou's receipt of written notice of such default; or (C) Chou has made herein or hereafter makes a material misrepresentation of his assets or income, Lewicky shall be entitled to an immediate judgment against Chou in the District Court Case in the amount of the Non-Dischargeable Claim, less any payments made to Lewicky pursuant to this Agreement prior to that time, and this judgment shall be immediately enforceable. Lewicky shall be entitled to all attorneys' fees and costs incurred in connection with the enforcement of the same.

5. Except for the obligations of Helen as set forth herein, Lewicky and the Lewicky Entities, jointly and severally, release, remise, forgive and discharge Helen from all claims, costs, expenses, liabilities, actions and causes of action that Lewicky or

the Lewicky Entities have or may have against Helen for any reason whatsoever, including any claims asserted against Helen in the Suit, Adversary Proceeding or the District Court Case.

6. This Agreement shall be binding upon and enure to the benefit of each of the parties hereto, their respective heirs, personal representatives, successors and assigns.

7. All notices hereunder shall be in writing and shall be deemed to be sent when deposited in the United States mail postage prepaid and shall be sent to the following:

| | |
|---|---|
| If to Lewicky: | Daria Lewicky<br>30 Locust Road<br>Winnetka, IL 60093 |
| with a copy to: | Harvey J. Barnett, Esq.<br>Harvey J. Barnett & Associates, P.C.<br>200 West Adams St., Suite 2220<br>Chicago, IL 60606 |
| If to Chou: | Raymond H. Chou<br>920 N. Franklin<br>Suite 305<br>Chicago, IL 60603 |
| with a copy to: | Ariel Weissberg, Esq.<br>Weissberg and Associates, Ltd.<br>401 S. LaSalle St., Suite 403<br>Chicago, IL 60605 |

8. The parties agree to execute such other documents as may be necessary to effectuate the terms and purpose of this Agreement.

9. This Agreement shall be construed in accordance with the laws of the State of Illinois.

IN WITNESS WHEREOF, the parties hereto have executed this

Agreement on the day and year first above written.

_____  _____
        Raymond Chou                      Helen Chou

Witness: _____  Witness: _____

_____
        Daria Lewicky

Witness: _____


c:\litigati\chou.agr

Raymond and Helen Chou
May 21, 1997

| Assets | | Liabilities | |
|---|---|---|---|
| Cash | | Notes Payable | $0 |
| North Shore Community Bank | $500 | Triana Settlement | $15,000 |
| | | Laussen Settlement | $30,000 |
| Marketable Securities | $0 | Pappano Settlement | $10,000 |
| Non-Marketable Securities | | Lewicky Settlement | $575,000 |
| Thackerry Development Corp. | $1,000 | | |
| Notes and Accounts Receivable | $0 | | |
| Real Estate | $0 | | |
| Personal Property | $15,000 | | |
| Auto | $5,000 | | |
| Motorcycle | $2,000 | | |
| | | **Total Liabilities** | $630,000 |
| **Total Assets** | $23,500 | **Net Worth** | ($606,500) |

Note: Urban Solutions, Inc., an Illinois corporation, is wholly owned by Jadine Chou.
Raymond Chou and Helen Chou have no right, title or interest in Urban Solutions, Inc. Raymond Chou,
is, however, a co-signator on a bank account of Urban Solutions, Inc. but he has no authority or disburse or otherwise direct funds of
of Urban Solutions, Inc. without the expressed approval of Jadine Chou.

EXHIBIT A

Post-it® Fax Note  7671  | Date | # of pages ▶
To Harvey Barnett | From P. Chou
Co./Dept. | Co.
Phone # | Phone #
Fax # 312-407-7301 | Fax #

March 21, 1997

Raymond Chou
Current Projects

**Architectural**

Pena Residence, Chicago

Benihana Restaurant, Chicago (plans completed, waiting for permits, may have construction supervision)

Scott Residence, Chicago (plans completed, waiting for permits, may have construction supervision)

Jadine Chou Residence, Chicago ( plans completed, construction supervision only)

Turek Residence, Winnetka (plans completed, waiting for permits, may have construction supervision)

Mercado Residence, Maryland

**Development**
None

EXHIBIT A

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARIA LEWICKY, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 91 C 7088 consolidated |
| ) | with No. 94 C 762 |
| RAYMOND H. CHOU, et al., ) | |
| ) | HONORABLE JOHN F. GRADY |
| Defendants. ) | |

## AFFIDAVIT OF HARVEY J. BARNETT

HARVEY J. BARNETT, being first duly sworn on oath, deposes and states that he is counsel for Plaintiffs in the above matter, and if called as a witness, could competently testify to the matters hereinafter set forth:

1. Payments under the Settlement Agreement referenced in the above Motion for Entry of Judgment were to be made to the offices of Harvey J. Barnett.

2. The total amount of payments received from the date of the settlement is $100,000.00.

3. Chou failed to pay when due numerous payments from April 1, 2005 through October 1, 2006, and made no further payments thereafter. A copy of a default notice sent to Chou by Affiant is attached hereto as Exhibit 1. Chou has not cured any of his defaults.

4. As of this time, the total amount due Daria Lewicky under the Settlement Agreement is $900,000.

FURTHER AFFIANT SAYETH NOT.

/s/ Harvey J. Barnett
───────────────────
Harvey J. Barnett

SUBSCRIBED AND SWORN to
before me this 23rd day of August, 2007.

/s/ Barbara J. Turcsany
───────────────────
Notary Public





**EXHIBIT B**

# EXHIBIT 1



## LAW OFFICE OF HARVEY J. BARNETT, LTD.

55 WEST MONROE STREET
SUITE 3200
CHICAGO, IL 60603
PHONE: (312) 242-6280
FAX: (312) 641-6492
EMAIL: HBARNETT@SPERLING-LAW.COM

OF COUNSEL TO:
SPERLING & SLATER
PHONE: (312) 641-3200

February 7, 2007

Mr. Raymond H. Chou
Urban Solutions
2370 North Elston
Chicago, Illinois 60614

**RE: Settlement Agreement dated March 21, 1997
between Raymond H. Chou and Daria Lewicky**

Dear Mr. Chou:

This letter will serve as notice that you are now in default under the above Settlement Agreement for failure to pay the sum of $3,000.00 that was due on **January 1, 2007**. Interest shall accrue on the aforesaid sum at the rate of eight percent (8%) per annum. The payment should be made payable to Harvey J. Barnett & Associates, P.C. and Daria Lewicky.

You are still in default for failure to pay the sum of $3,000.00 that was due on **April 1, 2005, July 1, 2005, October 1, 2005, January 1, 2006, April 1, 2006, July 1, 2006, and October 1, 2006**. Interest is accruing on the aforesaid sum at the rate of eight percent (8%) per annum.

**You are now delinquent for the year of 2005 in the sum of $9,000.00, and for the year of 2006 in the sum of $12,000. The total amount due is $24,000.00, plus interest!**

Very truly yours,

/s/ Harvey J. Barnett

Harvey J. Barnett

HJB:bt



**EXHIBIT 1**